RUBBER TIRE WHEEL CO. v. COLUMBIA PNEUMATIC WAGON WHEEL CO.

(Circuit Court, S. D. New York.   September 16, 1898.)

1. EQUITY PRACTICE—MOTION FOR LEAVE TO TAKE PROOFS.

Notice of a motion for leave to take testimony in sur rebuttal should set forth specifically the precise facts which the applicant desires to prove.

2. PATENTS—SUIT FOR INFRINGEMENT—LEAVE TO TAKE PROOFS.

Leave will be granted a defendant to take testimony in sur rebuttal to show that decrees put in evidence in rebuttal, which appear upon their face to show a decision by the court after opposition, were not in fact so rendered.

Motion for Leave to Take Proofs in Sur Rebuttal.

Charles W. Stapleton, for the motion.

Paul A. Staley, opposed.

LACOMBE, Circuit Judge.   Inasmuch as the rebuttal testimony is supposed to close the proofs, any application for leave to take sur rebuttal should set forth specifically, and not in general terms, the precise facts which applicant wishes to prove.   A notice of motion, such as is given here, for leave "to take proofs in sur rebuttal," is altogether too vague.   Inasmuch, however, as there are indications in the accompanying affidavits of some of the facts now sought to be proved, and the motion has been argued at length, it will be disposed of despite the defects in the notice.

1. As to any of the decrees put in evidence by complainant in rebuttal, which appear upon their face to show a decision by the court after opposition, defendant may show that they were in fact entered by consent, or by collusion, and under some arrangement whereby, although the decree would apparently evidence acquiescence by defendant decreed against, both parties to such decree agreed that between themselves it should mean nothing of the kind.

2. As to any particular sample of tire introduced by complainant on rebuttal, and testified to by complainant's witness as being of some particular kind, or grade, or quality, or composition of rubber, defendant may show that it is in fact of some other kind, or grade, or quality, or composition.

3. As to any samples introduced by complainant on rebuttal as "samples of Du Bois tires," defendant may show that they are not in fact "samples of Du Bois tires."

4. Defendant may show the method of applying tires used by complainant at and prior to the time of the commencement of this suit.

In all other respects the motion is denied.   Proper practice would require defendant to set forth the names of the witnesses by whom it expects to make these sur rebuttal proofs, or to give proper excuse for their omission.   It must be assumed, however, that, before moving, defendant ascertained that it could procure such testimony.   It would seem, therefore, that two weeks from the entry of this order should be abundant time in which to put it in, and, inasmuch as the printing of the rest of defendant's record may go on meanwhile (as suggested on the hearing) and the sur rebuttal proof must necessarily

89 F.—38

be short, defendant, as a condition of the relief granted, must accept notice of final hearing for October term, and case may be put on the calendar.